UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAVELLOUS PURCELL,

                              Plaintiff,

        -against-

ARIELA DASALVA; STEPHANIE
ALCANTARA; ALTON RICHARDS;
GEORGE MUNOZ,

                              Defendants.

19-CV-1695 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff Lavellous Purcell, currently incarcerated at the Metropolitan Detention Center,

brings this *pro se* action alleging that Defendants violated his Fourth Amendment rights. By

order dated February 27, 2019, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation

marks and citations omitted) (emphasis in original).

## BACKGROUND

Named as defendants in this complaint are "detectives/agents" Ariela Dasalva, Stephanie

Alcantara, Alton Richards and George Munoz.[2] Plaintiff Lavellous Purcell was convicted in this

Court of sex trafficking and related charges, and he was sentenced to concurrent prison terms of

188 months. *See United States v. Purcell*, No. 18-CR-00081 (DLC) (S.D.N.Y. Feb. 26, 2019).

Plaintiff alleges that Defendants "illegally searched and seized [his] private social media

accounts" with Facebook, Gmail, Backpages, and Instagram (ECF No. 2 ¶ V.) According to

Plaintiff, the searches were "done with three (facially deficient warrants), "no warrant returns

were produced for any of the" accounts. Plaintiff makes specific allegations only as to Dasalva:

> [In her] "third Facebook warrant affidavit misled the judge by not letting her
> know she previously applied for a second warrant but stated it was her first time
> ever applying for a warrant! She went to three different judges to obtain warrants
> for the search of [his] Facebook account."

(*Id.*) Plaintiff seeks money damages for the invasion of his "Fourth Amendment right to privacy"

and his allegedly unlawful arrest and conviction.

## DISCUSSION

**A.     Section 1983 and Bivens**

Because Plaintiff alleges that his constitutional rights were violated by state and federal

employees, the Court liberally construes Plaintiff's complaint as asserting claims under 42

U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

---

[2] Documents from the criminal case indicate that Richards and Munoz are special agents
with the Federal Bureau of Investigation, that Ariella DaSilva is a Senior Investigator with the
New York County District Attorney's Office, and that Alcantara is a detective in North Carolina.
(18-CR-00081, ECF Nos. 22, Exh. 1; 113.).

U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog

to suits brought against state officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d

234, 237 (2d Cir. 2014.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right

secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

U.S. 42, 48-49 (1988). To state a *Bivens* claim, a plaintiff must allege facts that plausibly show

that: (1) the challenged action was attributable to an officer acting under color of federal law, and

(2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See*

*Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). Federal

courts have analogized *Bivens* claims to those brought under 42 U.S.C. § 1983, which require a

showing that defendants acted under color of state law to deprive a plaintiff of a federally

protected right. Thus, caselaw from actions brought under § 1983 may be used to address issues

raised in *Bivens* cases. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United*

*States*, 466 F. App'x 51, 51 (2012) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

**B.      Personal Involvement**

A plaintiff asserting seeking relief under § 1983 or *Bivens* must allege facts showing the

defendants' direct and personal involvement in the alleged constitutional deprivation. *See*

*Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v.*

*Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983

solely because that defendant employs or supervises a person who violated the plaintiff's rights.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for

the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An

individual defendant can be personally involved in a § 1983 violation if:

(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.

Plaintiff does not allege any facts showing how Defendants were personally involved in violating his Fourth Amendment rights. Plaintiff alleges that search warrants that were issued in his case were "deficient" or unconstitutionally obtained, but the complaint contains no allegations whatsoever as to the conduct of Alcantara, Munoz, and Richards.[3] Moreover, Plaintiff's allegations against Dasalva, that she "misled" a judge about previous warrant applications, does not give rise to an inference that she violated his constitutional rights.

C.     **Fourth Amendment Claim**

When a prisoner seeks damages in a § 1983 or *Bivens* action, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of

---

[3] The Supreme Court has implied a damages remedy against federal employees under *Bivens* in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971), (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). Recently, "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), and a *Bivens* remedy is not available, "where there are 'special factors counselling hesitation in the absence of affirmative action by Congress,'" *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (quoting *Carlson*, 446 U.S. at 18). Thus, based on the facts alleged, it is not clear that Plaintiff can state a *Bivens* claim.

any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

A suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a criminal trial resulting in the plaintiff's conviction. *Heck*, 512 U.S. at 487, n.7. Evidence obtained in violation of a defendant's Fourth Amendment rights can sometimes be introduced at a criminal trial – for example, if such evidence inevitably would have been discovered or was also discovered from an independent source. *Id.* ("Because of doctrines like independent source and inevitable discovery, *see Murray v. United States*, 487 U.S. 533, 539 (1988), and especially harmless error, *see Arizona v. Fulminante*, 499 U.S. 279, 307-308 (1991), . . . a § 1983 action [asserting Fourth Amendment violations], even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.").[4]

Plaintiff's conviction has not been invalidated, and it is not clear from this complaint whether evidence against him was unlawfully obtained and, if his Fourth Amendment rights were violated, whether doctrines such as independent source or inevitable discovery would have allowed the evidence to be introduced at his criminal trial. Thus, further factual development is necessary to determine whether success on Plaintiff's damages claim under the Fourth Amendment would necessarily imply that Plaintiff's conviction was unlawful.

---

[4] *See also Bibbins v. Nextel Communications, Inc.,* No. 08-CV-5075 (CM), 2010 WL 4503120, at *4 (S.D.N.Y. Nov. 19, 2010) (explaining that court could not dismiss Fourth Amendment claim without ascertaining "whether plaintiff could have been convicted even if the allegedly illegal wiretap evidence were suppressed — whether because the police would inevitably have discovered some incriminating information, or because there was an independent and untainted source for any evidence that was uncovered as a result of the unauthorized wiretaps, or because there was so much evidence supporting plaintiff's guilt that the admission of information gleaned from the illicit tap was harmless error as a matter of law.").

Moreover, to recover compensatory damages for a Fourth Amendment violation, Plaintiff must also prove "not only that the search was unlawful, but that it caused him actual, compensable injury, which . . . does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Heck*, 512 U.S. at 487, n.7.[5] Plaintiff seeks damages for the violation of his right to privacy and the "injury" of being convicted and imprisoned. Because his conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*," *Heck*, 512 U.S. at 487, he cannot seek damages for the injury of being convicted and incarcerated. *See also Townes*, 176 F.3d at 149 (noting that the plaintiff's "only possible damage claim would be limited to the brief invasion of privacy related to the seizure and initial search" but that his "complaint pleads no such damages").

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is not clear that allowing Plaintiff to amend his complaint would be futile, the Court grants Plaintiff leave to amend.

---

[5] *See also Townes v. City of New York*, 176 F.3d 138 (2d Cir. 1999) ("Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution.").

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-

1695 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 25, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                  Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                     Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name    Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City      State    Zip Code

Defendant 2:

First Name    Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City      State    Zip Code

Defendant 3:

First Name    Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City      State    Zip Code

Defendant 4:

First Name    Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City      State    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____            _____
Dated                                                          Plaintiff's Signature

_____
First Name                         Middle Initial          Last Name

_____
Prison Address

_____
County, City                              State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____